Mattie M. SMITH, Interested Party Sister of Decedent, Appellant–Respondent,

v.

In the Matter of the Supervised ESTATE OF Jodie MITCHELL, Deceased, Appellee.

No. 54A01–0508–CV–359.

Court of Appeals of Indiana.

Jan. 30, 2006.

Patrick Stern, Indianapolis, for Appellant.

Kurt R. Homann, Collier Homann & Siamas, LLC, Crawfordsville, for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Respondent, Mattie M. Smith (Smith), appeals from the trial court's grant of summary judgment in favor of Appellee–Petitioner, the Estate of Jodie Mitchell (the Estate).

We affirm.

### ISSUE

Smith raises one issue on appeal: Whether the trial court properly granted summary judgment in favor of the Estate.

### FACTS AND PROCEDURAL HISTORY

Jodie Mitchell (Mitchell) died testate on March 16, 2004. Mitchell's Last Will and Testament (the Will), dated June 22, 1988, provided that his entire estate be held in trust during the lifetime of his sister, Smith, and that Smith be paid the income earned by the trust's assets on a quarterly basis. Further, the Will provided that upon Smith's death, the trust shall terminate and the assets shall be divided equally between the James Whitcomb Riley Memorial Association of Indianapolis, Indiana (Riley Memorial Association) and the Montgomery County Boys and Girls Club of Crawfordsville, Indiana (Boys and Girls Club).

On April 26, 2004, the Will was admitted to probate, and Community Trust & Investment Co., Inc. (CTIC) was appointed personal representative of the Estate. On May 4, 2004, letters testamentary and a notice of administration were issued. On June 11, 2004, Smith filed a Petition to Challenge the Will of [Mitchell] (the Petition). The Petition named no defendants. A pre-trial conference was set for January 31, 2005, however the trial court vacated the conference due to the lack of a proper summons. Then, on February 4, 2005, a summons was issued and served to Kurt Homann (Homann), counsel for the administration of the Estate on behalf of CTIC. On February 28, 2005 the Estate filed a Motion for Summary Judgment, which was granted on June 1, 2005.

Smith now appeals. Additional facts will be provided as necessary.

### DISCUSSION AND DECISION

Smith argues that the trial court erred in granting summary judgment in favor of the Estate. Specifically, Smith contends that she filed her will contest in accordance with Ind.Code § 29–1–7–17, and therefore the trial court wrongfully found that her action was not appropriately filed.

Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. Ind. Trial Rule 56(C); *Fort Wayne Lodge, LLC v. EBH Corp.*, 805 N.E.2d 876, 882 (Ind.Ct. App.2004). In reviewing a trial court's ruling on summary judgment, this court stands in the shoes of the trial court, and applies the same standards. *American Family Mut. Ins. Co. v. Federated Mut. Ins. Co.*, 775 N.E.2d 1198, 1201 (Ind.Ct. App.2002). In doing so, we consider all of the designated evidence in the light most favorable to the non-moving party. *Id.* The party appealing the grant of summary judgment has the burden of persuading this court that the trial court's ruling was improper. *Id.* The grant of summary judgment must be reversed if the record indicates an incorrect application of the law to the facts. *Id.*

Ind.Code § 29–1–7–17, in pertinent part, provides:

Any interested person may contest the validity of any will in the court having jurisdiction over the probate of the will within three (3) months after the date of the order admitting the will to probate by filing in the court the person's allegations in writing verified by affidavit, ... The executor and all other persons beneficially interested in the will shall be made defendants to the action.

Additionally, Ind.Code § 29–1–7–18 states, "[w]hen an action is brought to contest the validity of any will ... notice is served upon the defendants in the same manner as required by the Indiana Rules of Trial Procedure." Rule 4 of the Indiana Rules of Trial Procedure provides that "[t]he court acquires jurisdiction over a party or person who under [the Rules of Trial Procedure] commences or joins in the action, is served with summons or enters an appearance, or who is subjected to the power of the court under any other law."

Here, the Will was admitted to probate on April 26, 2004 and Smith filed the Petition on June 11, 2004, within the three-month statutory period. However, the Petition failed to name the executor or any interested parties as defendants. Despite the absence of any named defendants, Smith's attorney filled out a summons form provided by the Clerk when he filed the Petition, naming the Estate's attorney, Homann, as the complaint and summons' recipient. Although the record is unclear, it appears that this form was not a proper summons form and thus was never served upon Homann. Nevertheless, Homann subsequently appeared at an intended pretrial conference on January 31, 2005, which was subsequently vacated because the trial court found that a proper summons had not yet been issued.

Thereafter, on February 4, 2005, a proper summons was issued in Homann's name, and served upon him on February 7, 2005. Yet again, no summons was issued to any interested parties, such as the Riley Memorial Association or the Boys and Girls Club, as directed by I.C. § 29–1–7–17. The Estate then filed its Motion for Summary Judgment, arguing that Smith's failure to name or serve any proper defendants in the action, as required by I.C. § 29–1–7–17 and Ind. Trial Rule 4(A), left the trial court without any jurisdiction to adjudicate the matter. Consequently, the Estate asserted that the lack of jurisdiction prevented Smith's action from commencing, and that Smith was now barred from bringing her claim due to the expiration of the three-month statute of limitations set out in I.C. § 29–1–7–17. In addition, the Estate cited Smith's failure to comport with I.C. § 29–1–7–19 which requires the filing of a bond along with complaints filed under I.C. § 29–1–7–17.

Finding in favor of the Estate, the trial court stated in its Order Granting [the Estate's] Motion For Summary Judgment:

... The [c]ourt now finds that [Smith] has failed to acquire jurisdiction over [the Estate] as required for contesting a probated will under Indiana Trial Rules 3 and 4[,] and Indiana Code §§ 29–1–7–17 and [29–1–7–]18. [Smith] has failed to show a genuine issue of material fact that [Smith] did not follow the procedural and statutory rules for contesting a probated will under Trial Rules 3 and 4[,] and Indiana Code §§ 29–1–7–17 and 29–1–7–18. Accordingly, [Smith's] cause of action should be dismissed under Trial Rule 56(C).

■ Smith now asserts that it was improper for the trial court to rely on a lack of jurisdiction as its basis for granting summary judgment in favor of the Estate. Specifically, Smith argues that her action was commenced at the time the Petition was filed, and thus in spite of the improper summons, she met the requirements of

I.C. § 29–1–7–17 and brought her will contest in a timely manner. Thus, we now turn to the central question in this case, whether Smith satisfied the requirements of I.C. §§ 29–1–7–17 and 29–1–7–18, and properly filed her will contest within three months of its admittance to probate.

The right to contest a will is statutory, and if it is not executed within the allotted time period, it is lost. *Estate of Kitterman v. Pierson*, 661 N.E.2d 1255, 1257 (Ind.Ct.App.1996), *reh'g denied, trans. denied.* Our evaluation of the case law regarding the necessary steps to properly execute a civil action, however, leads us down a convoluted path. First, in *Milligan v. Denham*, plaintiffs, also contesting a will, filed their complaint within the statutory period, but the summons was not served until after the statutory period had expired.[1] *Milligan v. Denham*, 553 N.E.2d 1265, 1266 (Ind.Ct.App.1990). There, in concluding that the plaintiffs had complied with I.C. § 29–1–7–17, we stated: "Commencing an action is a different procedure than serving 'summons' or giving 'notice.' 'Filing' is all that is needed to commence an action in civil court, and 'filing' is the procedure to which I.C. § 29–1–7–17 refers."[2] *Id.* at 1267. Further, we held that the "issuance of summons is beyond the plaintiff's control as it must be completed by the clerk. To hold otherwise would deny the [contesters] their statutory right to contest the will based upon the independent actions of the clerk's office."

Subsequent to *Milligan*, confusion arose with our supreme court's opinion in *Boostrom v. Bach*, which announced in dictum that a plaintiff "controls the presentation of all the documents necessary to commencement of a suit: the complaint, the summons, and the fee." *Boostrom v. Bach*, 622 N.E.2d 175, 177 (Ind.1993), *cert. denied.* In that case, our supreme court held that a plaintiff failed to commence an action when he did not pay the filing fee before the expiration of the applicable statute of limitations. Following *Boostrom*, the confusion grew with another set of conflicting opinions by this court on the matter, *Fort Wayne Intern. Airport v. Wilburn* and *Ray–Hayes v. Heinamann*, the former requiring the tender of summons to commence a lawsuit, and the latter requiring only the filing of a complaint. *Ray–Hayes v. Heinamann*, 743 N.E.2d 777 (Ind.Ct.App.2001), *opinion vacated; Fort Wayne Intern. Airport v. Wilburn*, 723 N.E.2d 967 (Ind.Ct.App.2000), *trans. denied.* Then, our supreme court, granting transfer in *Ray–Hayes*, resolved the issue, holding firmly that the summons must be tendered within the statute of limitations for commencement of an action. *Ray–Hayes v. Heinamann*, 760 N.E.2d 172, 173–74 (Ind.2002), *reversed on reh'g on other grounds* at 768 N.E.2d 899 (holding that previous opinion applied only prospectively).

In the case before us, Smith did not tender a summons within the statutorily permitted time period. Further, Smith has never filed a complaint or summons that meet the requirements of I.C. § 29–1–7–17. In *The Estate of Kitterman v. Pierson*, the plaintiff, as Smith, failed to name any defendants when filing a will contest. *Estate of Kitterman*, 661 N.E.2d at 1256. There, in overturning the trial court's denial of the estate's motion to dismiss, we

---

1. The statutorily prescribed time limit under I.C. § 29–1–7–17 at the time of *Milligan* was five months.

2. When *Milligan* was decided, service of process for will contests was not controlled by Ind. Tr. R. 4, as it is now. *See* I.C. 29–1–7–18. However, the language and thrust of I.C. § 29–1–7–17 was substantially the same as it is today.

held that where a plaintiff fails to name any defendants in a will contest, a court never acquires jurisdiction over the subject matter of the action. *Id.* at 1258. Thus, we concluded that the plaintiff had lost the opportunity to file a proper complaint because the statutorily prescribed time limit had passed. *Id.*

Accordingly, we find the trial court's decision here to be in line with the progeny of *Ray–Hayes,* and particularly in line with our decision in *Kitterman.* Smith did not file a proper complaint with named defendants or tender a proper summons within the three-month statutory period set out in I.C. § 29–1–7–17. While the law has taken more than one turn in deciding the requisite components of commencing a civil action, it appears to have been settled that a plaintiff must fulfill all the obligations of Ind. Trial Rules 3 and 4 to commence a lawsuit, including an action to contest a will.[3] Therefore, we find that it was proper for the trial court to grant summary judgment in favor of the Estate.

### CONCLUSION

Based on the foregoing, we conclude that the trial court did not err in granting summary judgment in favor of the Estate.

Affirmed.

SHARPNACK, J., and BARNES, J., concur.

---

3. Ind. Tr. 3, titled "Commencement of an action," provides that "[a] civil action is commenced by filing with the court a complaint or such equivalent pleading or document as may be specified by statute, by payment of the prescribed filing fee or filing an order waiving the filing fee, and, where service of process is required, by furnishing to the clerk as many copies of the complaint and summons as are necessary."