

**FILED**

Dec 03 2015, 7:02 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Shawn P. Ryan | Dan J. May |
| South Bend, Indiana | Kokomo, Indiana |

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Roger S. Blackman, | December 3, 2015 |
| *Appellant-Petitioner,* | Court of Appeals Cause No. 52A02-1412-ES-883 |
| v. | Appeal from the Miami Superior Court |
| Karen A. Gholson and James W. Blackman, | The Honorable Leo T. Burns, Special Judge |
| *Appellees-Respondents.* | Trial Court Cause No. 52D02-1309-ES-16 |

**Barnes, Judge.**

## Case Summary

[1] Roger Blackman appeals the trial court's dismissal of his will contest action and subsequent denial of his motion to correct error. We affirm.

# Issues

The issues before us are:

    I.      whether the trial court properly dismissed Roger's will contest action;

    II.     whether the Journey's Account Statute should permit Roger to refile that action; and

    III.    whether an award of appellate attorney fees against Roger is warranted.

# Facts

Roger, Karen Gholson, and James Blackman are the children of Lillian Blackman. On September 23, 2013, Karen and James filed a petition to open an estate for Lillian and to probate a will she executed in July 2013. On December 23, 2013, Roger filed a "Verified Contest of Will" and request to substitute the July 2013 will with one Lillian had executed in June 2013. App. p. 23. Roger filed the will contest in the same court and under the same cause number as the original probate action. Roger's attorney filed the will contest in this fashion upon the advice of the trial court's clerk. The will contest was served upon counsel for Karen and James, but no summonses were issued for Karen or James.

Karen and James filed a motion to dismiss Roger's will contest for "lack of jurisdiction." *Id.* at 32. The trial court granted this motion, stating that it lacked subject matter jurisdiction. Within thirty days of this ruling, Roger filed

a motion to correct error and/or for relief from judgment. In this motion, Roger requested that the dismissal order be vacated and that he be permitted to file a new, separate will contest action under the Journey's Account Statute. The trial court denied Roger's motion to correct error and/or for relief from judgment. Roger now appeals.

## Analysis

### *I. Dismissal of Action*

A will contest is not part of the administration of a decedent's estate. *Robinson v. Estate of Hardin*, 587 N.E.2d 683, 685 (Ind. 1992). Will contest proceedings are governed by the Indiana Trial Rules. *Avery v. Avery*, 953 N.E.2d 470, 472 (Ind. 2011). Thus, Karen and James's motion to dismiss Roger's will contest for lack of jurisdiction was a motion under Indiana Trial Rule 12(B)(1). Our standard of review when ruling on a motion to dismiss for lack of subject matter jurisdiction is dependent upon what occurred in the trial court. *Berry v. Crawford*, 990 N.E.2d 410, 414 (Ind. 2013). If there are no disputed facts, the question of subject matter jurisdiction is one of law and we review the trial court's ruling de novo. *Id.* Because the facts here are not in dispute, our review is de novo. We may affirm a motion to dismiss based upon any theory or basis supported by the record, regardless of the explanation provided by the trial court. *Munster v. Groce*, 829 N.E.2d 52, 58 (Ind. Ct. App. 2005).

Indiana Code Section 29-1-7-17 provides:

Any interested person may contest the validity of any will in the court having jurisdiction over the probate of the will within three (3) months after the date of the order admitting the will to probate by filing in the court the person's allegations in writing verified by affidavit, setting forth:

(1) the unsoundness of mind of the testator;

(2) the undue execution of the will;

(3) that the will was executed under duress or was obtained by fraud; or

(4) any other valid objection to the will's validity or the probate of the will. The executor and all other persons beneficially interested in the will shall be made defendants to the action.

Additionally, Indiana Code Section 29-1-7-18 states:

(a) When an action is brought to contest the validity of any will as provided in this article, notice is served upon the defendants in the same manner as required by the Indiana Rules of Trial Procedure.

(b) A contesting party shall also serve a copy of the complaint on the counsel of record, if any, for the personal representative. The court may not enter a default judgment for the contesting party unless proof of service on the counsel for the personal representative is made to the court.

[7]     The statute specifically references the Indiana Trial Rules. Indiana Trial Rule 3 states:

A civil action is commenced by filing with the court a complaint or such equivalent pleading or document as may be specified by statute, by payment of the prescribed filing fee or filing an order waiving the filing fee, and, where service of process is required, by furnishing to the clerk as many copies of the complaint and summons as are necessary.

Additionally, Indiana Trial Rule 4(A) states, "The court acquires jurisdiction over a party or person who under these rules commences or joins in the action, is served with summons or enters an appearance, or who is subjected to the power of the court under any other law." Indiana Trial Rule 4(B) requires a party filing a complaint to "furnish to the clerk as many copies of the complaint and summons as are necessary" contemporaneously with the complaint's filing.

[8] In *Smith v. Estate of Mitchell*, 841 N.E.2d 215 (Ind. Ct. App. 2006), we addressed the effect of a party's failure to comply with these statutes and the Indiana Trial Rules when initiating a will contest action. In that case, a party attempted to file a petition to the challenge a will, but the petition named no defendants and no summons was issued to any beneficiaries of the will. Later, a summons was served upon counsel for the estate's personal representative. The estate subsequently filed a motion for summary judgment against the will contest, claiming that the party bringing the action had failed to comply with the statutes governing will contests and, therefore, the trial court lacked jurisdiction to consider the case. The trial court granted the summary judgment motion.

[9] On appeal, we began by stating, "The right to contest a will is statutory, and if it is not executed within the allotted time period, it is lost." *Smith*, 841 N.E.2d at

218 (citing *Estate of Kitterman v. Pierson*, 661 N.E.2d 1255, 1257 (Ind. Ct. App. 1996), *trans. denied*). We then engaged in a review of the caselaw regarding initiation of a will contest. First, we reviewed *Milligan v. Denham*, 553 N.E.2d 1265 (Ind. Ct. App. 1990). *Id.* In *Milligan*, we had held there was sufficient compliance with the will contest statute where the contest was timely filed, but proper summonses were not issued to the will beneficiaries until after the time limit had passed. *Milligan,* 553 N.E.2d at 1267. We had noted in *Milligan* that the will contest statute explicitly referred only to the necessity of "filing" an action, which was sufficient to "commence" a civil action and which was a different procedure than serving summonses or giving notice. *Id.* Our supreme court subsequently adopted our opinion in that case. *Milligan v. Denham*, 563 N.E.2d 595 (Ind. 1990).

[10] However, as we next observed in *Smith*, our supreme court subsequently decided *Boostrom v. Bach*, 622 N.E.2d 175 (Ind. 1993), *cert. denied*. *Smith*, 841 N.E.2d at 218. In *Boostrom*, which concerned a small claims action and not a will contest action, the court indicated that there were three documents necessary to commence a suit: the complaint, the summons, and the filing fee. *Boostrom*, 622 N.E.2d at 177 n.2. There was some disagreement on this court as to whether issuance of a summons was truly required by *Boostrom* in order to commence a suit, but our supreme court later positively stated that a summons must be tendered along with the filing fee and the complaint in order to "commence" a lawsuit for statute of limitations purposes under Indiana Trial

Rule 3. *Ray-Hayes v. Heinamann*, 760 N.E.2d 172, 174-75 (Ind. 2002). *Ray-Hayes* did not concern a will contest action.

[11] In *Smith*, we discussed *Kitterman*. *Smith*, 841 N.E.2d at 218-19. In that case, a will contest was filed within the statutory time limit and it was served upon the executor of the estate and counsel for the estate's personal representative but not upon the will beneficiaries, nor were the beneficiaries named as defendants in the will contest. On appeal, we held the will contest should have been dismissed because "the court never obtained jurisdiction over even a portion of the subject matter . . . ." *Kitterman*, 661 N.E.2d at 1258.

[12] Applying *Milligan*, *Boostrom*, *Ray-Hayes*, and "particularly" *Kitterman*, we held in *Smith* that the trial court had properly granted summary judgment to the will beneficiaries. *Smith*, 841 N.E.2d at 219. We concluded, "it appears to have been settled that a plaintiff must fulfill all the obligations of Ind. Trial Rules 3 and 4 to commence a lawsuit, including an action to contest a will." *Id.*

[13] After *Smith* was decided, our supreme court handed down *K.S. v. State*, 849 N.E.2d 538 (Ind. 2006). That opinion urged courts to cease mischaracterizing mere procedural error as true defects in subject matter or personal jurisdiction. *K.S.*, 849 N.E.2d at 542. "Subject matter jurisdiction is the power to hear and determine cases of the general class to which any particular proceeding belongs. Personal jurisdiction requires that appropriate process be effected over the parties." *Id.* at 540. In *K.S.*, the court held that a juvenile court's failure to follow all of the statutory procedures for initiating a delinquency petition did

not affect either subject matter or personal jurisdiction, but was mere procedural error. *Id.* at 542. A number of subsequent cases likewise have made clear that failure to follow statutory guidelines for initiating a particular action do not affect subject matter jurisdiction, so long as the action was filed in the proper court for such an action. *See, e.g.*, *Fight Against Brownsburg Annexation v. Town of Brownsburg*, 32 N.E.3d 798, 805 (Ind. Ct. App. 2015) (holding alleged defect in annexation remonstrance signatures did not affect subject matter jurisdiction of trial court to consider remonstrance petition).

[14] Given the development of the law of jurisdiction beginning with *K.S.*, we do not believe that a failure to comply with the statutory procedures for initiating a will contest action impacts a trial court's subject matter jurisdiction to consider the petition. To the extent *Smith* or *Kitterman* held otherwise, we conclude they have been supplanted by *K.S.* and its progeny. Here, there is no question that the trial court had subject matter jurisdiction to consider Roger's will contest action. Any failure by Roger to precisely follow the statutory procedures for initiating such an action did not impact subject matter jurisdiction.

[15] However, this is not a case in which there is an attempted collateral attack upon an entered judgment that is claimed to be "void" for lack of subject matter jurisdiction. The claimed defects in the will contest action were timely raised through a motion to dismiss. And, such defects did exist. Roger did not tender summonses for Karen and James and thus they were not personally served with the will contest, nor did he pay a filing fee. Such actions clearly are necessary to initiate a civil suit under the Trial Rules. *Boostrom*, 622 N.E.2d at 177 n.2.

Additionally, given that a will contest is deemed an independent action, failure to serve Karen and James would impact the trial court's personal jurisdiction over them. *See Anderson v. Wayne Post 64, Am. Legion Corp.*, 4 N.E.3d 1200, 1206 (Ind. Ct. App. 2014), *trans. denied*. Although, admittedly, the statute is not crystal clear,[1] caselaw has emphasized that a will contest action is separate and distinct from the probate of a will, and that it is governed by the Indiana Trial Rules regarding commencement of a civil action; it is not treated merely as a pleading within the probate action. *See Avery*, 953 N.E.2d at 472. Roger's failure to comply with the will contest statutes and Trial Rules properly subjected his filing to dismissal.

[16] Roger asserts that he should be forgiven for failing to file the will contest as its own separate civil action, complete with summonses and a filing fee, because his attorney was acting upon the advice of the trial court clerk in not filing it as a separate proceeding. He cites no authority for the proposition that an attorney should be able to rely upon advice from a non-attorney as to legal matters. We decline to create such authority. In sum, the trial court properly granted Karen and James's motion to dismiss.

---

[1] We note that the statute refers only to filing verified written allegations "in the court having jurisdiction over the probate of *the* will . . . ." I.C. § 29-1-7-17. It does not refer generically to a court having probate jurisdiction, but "jurisdiction" over the particular will at issue. In this context, the use of the word "jurisdiction" might be misleading, as it arguably refers to jurisdiction over a particular case, which phrase our supreme court has discarded. *See Packard v. Shoopman*, 852 N.E.2d 927, 930 (Ind. 2006). We need not resolve today the precise effect or meaning of the word "jurisdiction" in this statute.

## II. Journey's Account Statute

Roger also argues, as he did before the trial court, that he should be permitted to properly re-file his will contest pursuant to the Journey's Account Statute ("JAS"), following the expiration of the three-month time limit for initiating a will contest. Indiana Code Section 34-11-8-1 provides that, if a plaintiff's action fails for any cause "except negligence in the prosecution of the action," or if the action abates because of the death of a party, or if a judgment is reversed on appeal, the plaintiff may initiate a new action no later than three years after the failure or reversal of the cause of action. The purpose of the JAS is to provide for continuation of a cause of action when a plaintiff fails to obtain a decision on the merits for some reason other than his or her own neglect and the statute of limitations period expires while the suit is pending. *Al-Challah v. Barger Packaging*, 820 N.E.2d 670, 674 (Ind. Ct. App. 2005).

Roger's will contest failed for two primary reasons: he failed to pay the filing fee, and he failed to provide summonses or otherwise serve process on Karen and James. We have previously held that the JAS applies to will contest actions and that defective service of process on the will beneficiaries does not preclude application of the statute to preserve a will contest. *See Willman v. Railing*, 571 N.E.2d 590, 592 (Ind. Ct. App. 1991); *see also Basham v. Penick*, 849 N.E.2d 706, 710 (Ind. Ct. App. 2006) (noting that under the JAS a cause of action dismissed in one state for lack of personal jurisdiction may be refiled in the correct state despite passage of the statute of limitations time period). Here, there was not merely defective service of process, there was a complete failure

to file any summonses for Karen or James. Also, failing to pay the filing fee for a cause of action has been held to constitute negligence in the prosecution of the action that bars saving an action under the JAS. *See Eads v. Community Hosp.*, 932 N.E.2d 1239, 1244 (Ind. 2010) (citing *Parks v. Madison County*, 783 N.E.2d 711, 721 (Ind. Ct. App. 2002), *trans. denied*). Here, Roger's failure to pay a filing fee for the will contest as required by the Trial Rules was negligence in the prosecution of the action and, as such, precludes his reliance upon the JAS to permit refiling of the will contest after the expiration of the statutory time limit for filing such an action.

### III. Appellate Attorney Fees

[19]     On a final note, Karen and James request that we order Roger to pay their appellate attorney fees. Under Indiana Appellate Rule 66(E), we may, in our discretion, order one party to pay another party's appellate attorney fees if the appeal "is frivolous or in bad faith." We will award appellate attorney fees only if "an appeal is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay." *Poulard v. Laporte County Election Bd.*, 922 N.E.2d 734, 737 (Ind. Ct. App. 2010). We use "extreme restraint" in deciding whether to award appellate attorney fees "because of the potential chilling effect upon the exercise of the right to appeal." *Id.* "Bad faith" in an appeal may be either substantive or procedural. *Thacker v. Wentzel*, 797 N.E.2d 342, 346 (Ind. Ct. App. 2003). Substantive bad faith occurs if an appellant's contentions and arguments are utterly devoid of all plausibility. *Id.* Procedural bad faith occurs if a party flagrantly disregards the requirements of the rules of appellate

procedure, omits or misstates relevant facts, or files a brief calculated to require the maximum expenditure of time by both the opposing party and this court. *Id.* at 346-47.

[20] Although Roger ultimately is unsuccessful in this appeal, we cannot say it was litigated in bad faith. As we have noted, the will contest statute by itself is not perfectly clear on its face as to whether it must be filed as an action separate from probate of the will being challenged. It also was not patently unreasonable for Roger to argue that the JAS might apply to save the will contest action, particularly where it appears Karen and James's attorney received notice of it having been timely filed, albeit incorrectly. Additionally, while Karen and James allege instances of noncompliance with the appellate rules, we perceive nothing more than minor deviations from the rules at the most. In sum, Karen and James have not convinced us that Roger's appeal is so permeated with either substantive or procedural bad faith such that an award of appellate attorney fees is warranted.

## Conclusion

[21] Although the trial court had subject matter jurisdiction over Roger's attempted will contest action, it was appropriate to dismiss the action due to his failure to comply with the statutes and rules for initiating such an action. Additionally, Roger's failure to pay the filing fee for the action precludes reliance upon the JAS to resuscitate it. Although Roger is unsuccessful on appeal, an award of appellate attorney fees against him is not warranted. We affirm.

Affirmed.

Kirsch, J., and Najam, J., concur.