

FILED

Mar 10 2016, 9:27 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Greg A. Bouwer
Koransky, Bouwer, and Poracky, P.C.
Dyer, Indiana

ATTORNEYS FOR APPELLEE

Benjamin T. Ballou
Preston G. Sisler
Hodges and Davis, P.C.
Merrillville, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Stephanie A. Schrage, | March 10, 2016 |
| *Appellant-Plaintiff*, | Court of Appeals Case No. 45A04-1506-TR-686 |
| v. | Appeal from the Lake Circuit Court |
| The Audrey R. Seberger Living Trust u/t/d April 27, 2009; John R. O'Drobinak as Successor Trustee; Jack R. Seberger, Mary Beth Devillez; Jacob Seberger; Jaclyn Seberger; Amy Devillez; Jack Devillez; Melissa Contrucci; Adam Devillez; and Laura Campbell, | The Honorable George C. Paras, Judge |
| | The Honorable Jewell Harris, Jr., Probate Commissioner |
| *Appellees-Defendants*. | Trial Court Cause No. 45C01-1411-TR-13 |

**Brown, Judge.**

[1] Stephanie A. Schrage ("Schrage") appeals from orders dismissing her complaint pursuant to Ind. Trial Rule 12(B)(6) for failure to properly commence the action under Indiana Trial Rules 3 and 4 and for failure to properly docket the Audrey R. Seberger Living Trust u/t/d April 27, 2009 (the "Trust"). Her Complaint named as defendants the Trust, John R. O'Drobinak, as Successor Trustee, Jack R. Seberger, Mary Beth DeVillez, Jacob Seberger, Jaclyn Seberger, Amy DeVillez, Jack DeVillez, Melissa Contrucci, Adam Devillez, and Laura Campbell (collectively with the Trust and Trustee, the "Appellees"). Schrage raises two issues which we consolidate and restate as whether the trial court erred in dismissing her complaint. We reverse and remand.

## Facts and Procedural History

[2] The relevant facts are not in dispute. On April 29, 1992, Audrey R. Seberger ("Seberger"), as Settlor and initial Trustee, executed the Trust, which she amended and/or restated as follows: on October 14, 1996 by a Restatement of Trust; on January 27, 1999 by an Amendment to the Restatement of Trust; on August 9, 2000, by a Second Amendment to the Restatement of Trust; on March 11, 2003, by a Third Amendment to the Restatement of Trust; on January 25, 2006, by a Second Restatement of the Trust; on April 27, 2009, by a Third Restatement of the Trust; and on August 19, 2009, by an Amendment to the Trust.[1] O'Drobinak drafted all of the Trust documentation and was

---

[1] For our purposes, the term "Trust" refers collectively to the 1992 initial trust document, as well as all restatements and amendments listed above.

named the successor trustee in the Trust (the "Trustee"). Seberger died on July 11, 2014.

[3] On August 26, 2014, Schrage made a request to the Trustee for a complete copy of the Trust, and the Trustee responded by serving her with a Notice to Beneficiary and Trust Certification (the "Notice"), pursuant to Ind. Code § 30-4-4-5, stating that he was under no obligation to provide a complete copy of the Trust to her and providing notice that she had ninety days to contest the validity of the Trust. The Notice was dated August 27, 2014, and contained "an incomplete and redacted copy of the Third Restatement of the Trust."[2] Appellant's Appendix at 58.

[4] On November 24, 2014, Schrage filed her Verified Complaint Contesting Validity of the Trust and named each of the Appellees, and the next day she tendered proper summons for each of the Appellees. On January 22, 2015, the Trustee filed a motion to dismiss pursuant to Ind. Trial Rules 12(B)(6) and 12(B)(7), and most of the trust beneficiaries named in the Complaint filed motions to join the Trustee's motion.[3] On February 20, 2015, Schrage filed a response in opposition to the motion to dismiss.

---

[2] We note that, under cause number 45C01-1410-TR-11, Schrage litigated the issue of whether she was entitled to a complete copy of the Trust. The trial court denied her request, and Schrage appealed the court's decision under cause number 45A04-1506-TR-685. By separate decision in that appeal, we affirm the trial court's ruling. *Schrage v. In the Matter of the Seberger Living Trust u/t/d April 27, 2009* (filed March 10, 2016), Ind. App. No. 45A04-1506-TR-685 ("Cause No. 685").

[3] The Trustee also filed a motion for a more definite statement; however, the court did not rule on that motion, and such motion is not contained in the record on appeal.

[5] On April 23, 2015, the court held a hearing, and on May 26, 2015, it issued two orders. The first order granted the Trustee's motion to dismiss based upon Schrage's failure to properly commence the action pursuant to the Indiana Trial Rules (the "Commencement Order"). The second order granted the Trustee's motion to dismiss for failure to properly docket the Trust (the "Docketing Order"). The Commencement Order stated in part:

> 12. Ind. Code § 30-4-6-6(a) provides that notice of a complaint must be given "to any person or his personal representative who is named as a party in a petition or complaint, whose rights may be affected or upon whom liability might be imposed by any proceeding." Further, I.C. § 30-4-6-6(b) provides that "[t]he form of notice required shall be in the form of a summons as provided for in the Indiana Rules of Procedure or in such other form as may be ordered or approved by the court." "[A] plaintiff must fulfill all the obligations of Ind. Trial Rules 3 and 4 to commence a lawsuit, including an action to contest a will." *Smith v. Estate of Mitchell*, 841 N.E.2d 215, 219 (Ind. Ct. App. 2006). Ind. Trial Rule 3 provides that:

>> A civil action is commenced by filing with the court a complaint or such equivalent pleading or document as may be specified by statute, by payment of the prescribed filing fee or filing an order waiving the filing fee, and, where service of process is required, by furnishing to the clerk as many copies of the complaint and summons as are necessary.

> Accordingly, in order to properly commence an action under T.R. 3, a plaintiff must file with the court a "complaint or such equivalent pleading or document as may be specified by statute." Thus, because I.C. § 30-4-6-6(a) sets forth the notice provisions

for trust contests, it must be complied with in order to properly commence an action under T.R. 3.

* * * * *

14. There is no dispute that a proper summons was tendered to the named parties in this matter, but *Smith* also required that the plaintiff comply with the will contest statute in order to properly commence the action to challenge the will. This case, like *Smith*, involves notice provisions under a similar statute, I.C. § 30-4-6-6(a). In the Complaint, Schrage names [the] Trustee, the Trust, and the following Trust beneficiaries as defendants: Jack R. Seberger, Mary Beth DeVillez, Jacob Seberger, Jaclyn Seberger, Amy DeVillez, Jack DeVillez, Melissa Contrucci, Adam DeVillez, and Laura Campbell. However, like *Smith*, the Complaint fails to name, or even specify, the party or parties upon whom liability might be imposed, as is required by I.C. § 30-4-6-6(a). When read in its entirety and considered in the context of the action alleged by Schrage, I.C.§ 30-4-6-6(a) requires Schrage to not only name parties whose rights may be affected (i.e. the Trust beneficiaries), but also to name parties upon whom liability may be imposed. Moreover, as in *Smith*, the Clerk of the Court did not serve a copy of Schrage's Complaint and summons on any such individuals prior to the expiration of the 90-day period pursuant to I.C. § 30-4-6-14. These defects are fatal to Schrage's Complaint under *Smith* as Schrage's Complaint failed to properly commence the action under T.R. 3 and T.R. 4, and the ninety (90) day period for contesting the validity of the trust in I.C. § 30-4-6-14 has since expired.

15. Schrage argues that the time limitation in which to challenge the Trust has not begun because [the Trustee] has refused to produce a complete and unredacted copy of the Trust. The timing and requirements for contesting the validity of a trust are as follows:

(a) A person must commence a judicial proceeding to contest the validity of a trust that was revocable at the settlor's death within the earlier of the following:

(1) Ninety (90) days after the person receives from the trustee a copy of the trust certification and a notice informing the person of:

(A) the trust's existence;

(B) the trustee's name and address; and

(C) the time allowed for commencing the proceeding.

(2) Three (3) years after the settlor's death.

I.C. § 30-4-6-14(a). Ind. Code § 30-4-6-14(a) is clear and unambiguous and does not require that a complete and unredacted copy of the trust be provided. It merely requires that a trust certification and notice be provided in order to trigger commencement of the 90-day period. In her Response in Opposition to Motion to Dismiss, Schrage admitted receiving the trust certification and notice pursuant to I.C. § 30-4-4-5. Therefore, Schrage's citation to *In re Waterfield*, 960 N.E.2d 800 (Ind. Ct. App. 2011) and argument that the statute of limitations should be tolled because she exercised due diligence in attempting to obtain a complete and unredacted copy of the Trust is irrelevant. Schrage argues that somehow a copy of the complete and unredacted Trust will disclose that a tort was committed. However, it is unclear how the Trust itself would disclose that a tort was committed.

16. Ind. Code § 30-4-6-14(a) is substantially similar to the will contest statute, I.C. § 29-1-7-17. The right to contest a will is a statutory right and if the right is not exercised within the prescribed time period, it is lost. *In re Estate of Brown*, 587 N.E.2d 686, 691 (Ind. Ct. App. 1992) (stating that the time limit in the will contest statute "is a statute of repose extinguishing the right, rather than a statute of limitation affecting the remedy."). Considering the similarities with I.C. § 29-1-7-17, I.C. § 30-4-6-14(a) is looked at as a statute of repose and if the rights under the same are not exercised within the prescribed time period, they are lost. Here, because Schrage failed to properly commence this action, her rights under I.C. § 30-4-6-14(a) are now extinguished.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court as follows:

1. [The Trustee's] Ind. Trial Rule 12(B)(6) Motion to Dismiss for failure to properly commence this action under T.R. 3 and T.R. 4 is hereby GRANTED.

2. Schrage's Complaint is hereby dismissed, with prejudice.[4]

Appellant's Appendix at 16-20.

[6] The Docketing Order provided in part:

12. Under Indiana law, the jurisdiction for all matters arising under the Trust Code (I.C. § 30-4-6) is in the court exercising probate jurisdiction. I.C. § 30-4-6-1. However, the probate court only has continuing jurisdiction of a trust if the settlor expressly

---

[4] We note that the probate commissioner recommended this order on May 19, 2015, and the court approved the order on May 26, 2015.

provides for such jurisdiction in the terms of the trust itself. I.C. § 30-4-6-2. Based on these statutes, and unless otherwise provided by the settlor in the trust terms, a court has no jurisdiction over a trust.

13. Jurisdiction is comprised of three elements: (1) jurisdiction of the subject matter; (2) jurisdiction of the person; and (3) jurisdiction of the particular case. *Browning v. Walters*, 620 N.E.2d 28, 31 (Ind. Ct. App. 1993). Jurisdiction of the particular case means "the right, authority, and power to hear and determine a specific case within that class of cases over which a court has subject matter jurisdiction." *Id.* A court can have subject matter jurisdiction over a class of cases and not have jurisdiction over a particular case due to the facts of that case. *Id.* The appropriate means for a challenge to the court's jurisdiction over a particular case is a T.R. 12(B)(6) motion for failure to state a claim, not a T.R. 12(B)(1) motion for lack of subject-matter jurisdiction. *Id.*

14. In this matter, the terms of the Trust do not expressly provide for jurisdiction and Schrage has failed to properly docket the Trust with the Court to invoke the Court's jurisdiction over this particular case. Merely referencing the Trust in the Complaint is not sufficient to properly invoke the Court's jurisdiction.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court as follows:

1. [The Trustee's] Ind. Trial Rule 12(B)(6) Motion to Dismiss for failure to properly docket the Trust is hereby GRANTED.

2. Schrage's Complaint is hereby dismissed, with prejudice.[5]

*Id.* at 25-26 (footnote omitted).

### *Discussion*

[7] Before addressing Schrage's arguments, we note that a complaint may not be dismissed under Ind. Trial Rule 12(B)(6) for failure to state a claim upon which relief can be granted unless it appears to a certainty on the face of the complaint that the complaining party is not entitled to any relief. *McQueen v. Fayette Cnty. Sch. Corp.*, 711 N.E.2d 62, 65 (Ind. Ct. App. 1999), *trans. denied.* We view motions to dismiss for failure to state a claim with disfavor because such motions undermine the policy of deciding causes of action on their merits. *Id.* When reviewing a trial court's grant of a motion to dismiss, we view the pleadings in a light most favorable to the nonmoving party, and we draw every reasonable inference in favor of that party. *Id.* We will not affirm a dismissal under Ind. Trial Rule 12(B)(6) unless it is apparent that the facts alleged in the challenged pleading are incapable of supporting relief under any set of circumstances. *Id.*

[8] We review an issue of statutory interpretation *de novo. Chrysler Grp., LLC v. Review Bd. of Ind. Dep't of Workforce Dev.*, 960 N.E.2d 118, 124 (Ind. 2012). "Clear and unambiguous statutes leave no room for judicial construction."

---

[5] Again, the probate commissioner recommended this order on May 19, 2015, and the court approved the order on May 26, 2015.

*Basileh v. Alghusain*, 912 N.E.2d 814, 821 (Ind. 2009). But when a statute is susceptible to more than one interpretation it is deemed ambiguous and thus open to judicial construction. *Id.* If the statutory language is clear and unambiguous, we require only that the words and phrases it contains are given their plain, ordinary, and usual meanings to determine and implement the legislature's intent. *State v. Am. Family Voices, Inc.*, 898 N.E.2d 293, 297 (Ind. 2008), *reh'g denied*. If a statute is susceptible to multiple interpretations, we must try to ascertain the legislature's intent and interpret the statute so as to effectuate that intent. *Bolin v. Wingert*, 764 N.E.2d 201, 204 (Ind. 2002). We presume the legislature intended logical application of the language used in the statute, so as to avoid unjust or absurd results. *Id.* A statute should be examined as a whole, avoiding excessive reliance upon a strict literal meaning or the selective reading of individual words. *Mayes v. Second Injury Fund*, 888 N.E.2d 773, 776 (Ind. 2008).

### A. Commencement of Action

[9] We first address the trial court's dismissal of Schrage's Complaint on the grounds that the Complaint did not satisfy Ind. Code § 30-4-6-6(a). A plaintiff commences a civil action pursuant to Ind. Trial Rule 3 by "filing with the court a complaint or such equivalent pleading or document as may be specified by statute . . . ." Ind. Code § 30-4-6-5, titled "Pleadings," provides that proceedings under Indiana's trust code "may be initiated on either a petition or complaint and upon notice as provided in 30-4-6-6," and Ind. Code § 30-4-6-6(a) provides:

> Notice must be given to any person or his personal representative who is named as a party in a petition or complaint, whose rights may be affected or upon whom a liability might be imposed by any proceeding; to the Attorney General if the trust is for a benevolent public purpose; and to any other person whom the court may order to be given notice.

[10] Schrage argues that she properly listed the Trust, the Trustee, and all other Trust beneficiaries as defendants and gave them proper notice and that granting a motion to dismiss at this stage is inappropriate. She maintains that, "by listing the Trust, Trustee and all other beneficiaries, who are the only known persons at this time upon whom liability might be imposed to her knowledge," she served every person identified in Ind. Code § 30-4-6-6. Appellant's Brief at 8. She asserts that "[t]he phrases 'whose rights may be affected' and 'upon whom liability might be imposed' describe the same group of persons," and to the extent she may have missed naming certain persons it is the result of the Trustee providing only a redacted copy of the Trust. *Id.* Schrage argues that the statute uses the word "or" to connect the first three subgroups, that accordingly the legislature meant that she "only needed to notify one of those groups," and that in fact she "covered each of the subgroups in the Verified Complaint." *Id.* at 9. She also argues that *Estate of Mitchell* is inapplicable because the plaintiff in that case failed to name any defendants, and notes that she asserted in her Complaint that a presumption of fraud on the Trustee's part exists which shifts the burden to the Trustee and that, in any event, "the failure to plead fraud with specificity allows a party to file an amended complaint to cure the lack of specificity." Appellant's Reply Brief at 3. She maintains that

the requirement to name all possible tortfeasors is not found in the trust code and that, indeed, "if it is found that Mrs. Seberger suffered from dementia that voids certain amendments, no tortfeasor may even exist." *Id.*

[11] The Appellees argue that the plain meaning of Ind. Code § 30-4-6-6(a) requires that Schrage provide notice to all persons falling into each of the three subgroups, and she did not name or specify in her Complaint parties upon whom liability might be imposed, i.e., alleged tortfeasors. They state that "[b]y not including allegations of those persons upon whom liability might be imposed, Schrage necessarily fails to provide the required notice." Appellees' Brief at 6. The Appellees further argue that Schrage's Complaint does not comply with Ind. Trial Rule 9(B) because she did not plead time, place, and/or substance of any false representation or the facts misrepresented, and she did not identify what was procured by the alleged fraud. They note that Schrage's argument that a presumption of fraud arose because the Trustee also served as the settlor's attorney and drafted the Trust is without merit. The Appellees also assert that Ind. Code § 30-4-6-14(a), the trust contest statute, is a statute of repose, and that because Schrage failed to properly commence this action under Ind. Code § 30-4-6-6(a) in the prescribed time period provided by Section 14(a), her rights are now extinguished.

[12] As noted, in evaluating a motion to dismiss we view the pleadings in a light most favorable to the nonmoving party, and we draw every reasonable inference in favor of that party. It is undisputed that Schrage named each of the Appellees, which include the Trust, the Trustee, and each of the Trust's

beneficiaries,[6] and the Appellees were each properly served for purposes of Ind. Code § 30-4-6-6(a). The parties disagree, however, with whether Schrage failed to satisfy Section 6 because she did not notify "any person or his personal representative . . . upon whom a liability might be imposed . . . ." Ind. Code § 30-4-6-6(a).

[13] The trial court and the Appellees relied upon *Smith v. Estate of Mitchell*, 841 N.E.2d 215, 219 (Ind. Ct. App. 2006), in reasoning that Schrage failed to properly commence her Complaint and that dismissal was appropriate. In *Smith*, following the death of the testator Mitchell, Mattie Smith, who was Mitchell's sister, filed a petition to challenge Mitchell's will in which the petition named no defendants. 841 N.E.2d at 216. Mitchell's will had provided that his estate be held in trust during the lifetime of Smith, that Smith be paid the income earned by the trust's assets on a quarterly basis, and that upon Smith's death the trust would terminate and the assets would be divided equally between the James Whitcomb Riley Memorial Association of Indianapolis, Indiana, and the Montgomery County Boys and Girls Club of Crawfordsville, Indiana. *Id.* A pretrial conference on the petition was vacated due to lack of a proper summons, summons was issued and served on counsel for the administration of the Estate, the Estate asked for summary judgment, and the court granted the Estate's motion. *Id.*

---

[6] The Appellees do not assert that a Trust beneficiary was not named in Schrage's Complaint.

[14] On appeal, this Court observed that Ind. Code § 29-1-7-17, which governs will contests, provides that "[a]ny interested person may contest the validity of any will in the court having jurisdiction over the probate of the will within three (3) months after the date of the order admitting the will to probate," that Ind. Code § 29-1-7-18 requires "[w]hen an action is brought to contest the validity of any will . . . notice is served upon the defendants in the same manner as required by the Indiana Rules of Trial Procedure," and that Ind. Trial Rule 4 provides that "[t]he court acquires jurisdiction over a party or person who under [the Rules of Trial Procedure] commences or joins in the action, is served with summons or enters an appearance, or who is subjected to the power of the court under any other law." *Id.* at 216-217. The court noted that the will was admitted to probate on April 26, 2004, that the petition was filed within the three-month statutory period on June 11, 2004, but that it "failed to name the executor or any interested parties as defendants." *Id.* at 217. The court then discussed how a summons was eventually issued to the Estate's counsel but that other interested parties, including the Riley Memorial Association and the Boys and Girls Club named in the will, were not served. *Id.* The court ruled that because Smith did not tender a summons within the statutorily permitted time period and "never filed a complaint or summons that [met] the requirements of I.C. § 29-1-7-17" by failing to name any defendants, the trial court "never acquire[d] jurisdiction over the subject matter of the action." *Id.* at 218-219. The court held that "the plaintiff had lost the opportunity to file a proper complaint because the statutorily prescribed time limit had passed" and affirmed the trial court's grant of summary judgment in favor of the Estate." *Id.* at 219.

[15]    We note that this Court recently discussed *Smith* and specifically its holding that failing to file a proper complaint is jurisdictional, in *Blackman v. Gholson* (filed December 3, 2015), Ind. App. No. 52A02-1412-ES-883, *reh'g denied*, *not yet certified*.[7]  In that case, this Court noted that following *Smith*, the Indiana Supreme Court handed down *K.S. v. State*, 849 N.E.2d 538 (Ind. 2006), which "urged courts to cease mischaracterizing mere procedural error as true defects in subject matter or personal jurisdiction."  Slip op. at 7 (citing *K.S.* 849 N.E.2d at 542).  We observed that "[a] number of subsequent cases likewise have made clear that failure to follow statutory guidelines for initiating a particular action do[es] not affect subject matter jurisdiction, so long as the action was filed in the proper court for such an action."  *Id.* at 8 (citing *Fight Against Brownsburg Annexation v. Town of Brownsburg*, 32 N.E.3d 798, 805 (Ind. Ct. App. 2015) (holding alleged defect in annexation remonstrance signatures did not affect subject matter jurisdiction of trial court to consider remonstrance petition).  The court ruled that "[g]iven the development of the law of jurisdiction beginning with *K.S.*, we do not believe that a failure to comply with the statutory procedures for initiating a will contest action impacts a trial court's subject matter jurisdiction to consider the petition" and recognized that *Smith's* statements to the contrary are no longer correct statements of law.  *Id.*  We nevertheless held that the court properly granted a motion to dismiss the

---

[7] We recognize that our opinion in *Blackman* is not yet certified, but we find its discussion of *Smith* to be helpful in analyzing the issue presented.

plaintiff's will contest action because certain interested parties were not served with summonses and thus were not personally served with the will contest, nor did the plaintiff pay a filing fee. *Id.* at 8-9.

[16] Setting aside the fact that the reasoning in *Smith* frames the petition's defect as jurisdictional, this case is distinguishable from *Smith* because, again, Schrage named eleven parties, i.e., the Appellees, as defendants in this matter. The Appellees do not point to any person that Schrage failed to notify. Rather, they simply suggest that certain "alleged tortfeasors" were not notified. Appellees' Brief at 5. The Appellees do not cite, and our research does not reveal, any previous case in which an Indiana court has dismissed a complaint on this basis. Indeed, Schrage's Complaint states that "[b]ecause [the] Trustee also served as Settlor's attorney and drafted the Trust, there is a presumption that certain amendments and restatements to the Trust were obtained by fraud." Appellant's Appendix at 30. Accordingly, we find that the trial court erred in dismissing Schrage's Complaint under Ind. Trial Rule 12(B)(6) when it ruled that Schrage failed to properly commence her action.

[17] To the extent that the Appellees challenge the specificity of the fraud allegations in the Complaint, we briefly address their argument. First, because the court dismissed Schrage's complaint under Ind. Trial Rule 12(B)(6), it did not rule on the Appellees' motion for a more definite statement. However, the Appellees argued to the trial court that Schrage failed "to plead with specificity on the fraud claim" and cited Ind. Trial Rule 9(B). Transcript at 15. The Appellees acknowledged that Schrage would have the opportunity to amend her

Complaint in order to plead with more specificity. In her reply brief, Schrage argues that she adequately pled fraud in her Complaint because fraud is presumed in this case and cites *Clarkson v. Whitaker*, 657 N.E.2d 139, 144 (Ind. Ct. App. 1995), *reh'g denied*, *trans. denied*, for the proposition. However, in that case defendant Clarkson both drafted the will and was a beneficiary under that will. *Clarkson*, 657 N.E.2d at 144. This Court noted that "[w]hen an attorney drafts a will that includes a bequest or provides a benefit to the attorney or one of his family members, the will is presumed to be void for undue influence or fraud." *Id.* There are no allegations that the Trustee is a beneficiary of the Trust or that one of the beneficiaries is a family member of the Trustee's. Therefore, the presumption of fraud does not apply. Thus, on remand Schrage must amend her complaint and plead her allegations with sufficient specificity.[8]

## B. Docketing of the Trust

[18] We next address the court's dismissal of Schrage's Complaint on the basis that a complaint contesting the validity of a trust must be filed in a proceeding where first the trust was docketed.[9] Schrage argues that the Probate Court has jurisdiction over all matters arising under the Trust Code and that "[n]othing in the Trust Code requires that the action/proceeding be commenced in a

---

[8] We note that as will be discussed below in Part B, the court on remand has the discretion to order that the Trust be docketed in this proceeding pursuant to Ind. Code § 30-4-6-7(a) if it makes a determination that it "is necessary to the determination of any issue of law or fact in a proceeding . . . ."

[9] In Cause No. 685, we note our assumption that only a redacted copy of the trust was docketed in that cause. *Schrage*, Ind. App. No. 45A04-1506-TR-685, slip op. at 6 n.3 (March 10, 2016).

docketed trust proceeding." Appellant's Brief at 10. She maintains that the Trustee's argument leads to an "absurd result" of forcing interested parties to petition the Probate Court to docket a trust in advance of possibly filing an action to contest the trust's validity or sue for breach, in which the court would be required to docket a trust within ninety days for situations in which Ind. Code § 30-4-6-14 governs. *Id.* at 11. Schrage also notes that the court's discussion of jurisdiction of a particular case is based on an abolished doctrine. She argues that the Probate Court has subject matter jurisdiction and that, under Ind. Code § 30-4-6-7, the court "**may** request that the trust be docketed if it is necessary to determine any issue of law or fact within the proceeding." *Id.* at 12. She also asserts that, to the extent the court may order that the Trust be docketed, the Trustee has to date deprived her of a complete copy, the Trustee waived the issue by not raising a potential Ind. Trial Rule 9.2(F) issue in his first motions, and any amendment under that trial rule would relate back to the original filing under Ind. Trial Rule 15.

[19] The Appellees argue that absent the express provision in a trust that the court have continuing jurisdiction over a trust, the court does not have jurisdiction over such trust unless it is docketed under Ind. Code § 30-4-6-7. They assert that "[t]rust contests are similar to filing claims against an estate in that an estate must be opened before any claims can be filed against it." Appellees' Brief at 11.

[20] The trial court treated Schrage's failure to docket the trust as jurisdictional. As discussed above in Part I, however, the Indiana Supreme Court in *K.S.* clarified

what the requirements are in order to invoke a court's jurisdiction. The Court observed that "[a]ttorneys and judges alike frequently characterize a claim of procedural error as one of jurisdictional dimension" but that in fact "Indiana trial courts possess two kinds of 'jurisdiction.'" 849 N.E.2d at 540-541. First, "[s]ubject matter jurisdiction is the power to hear and determine cases of the general class to which any particular proceeding belongs." *Id.* at 540. Second, "[p]ersonal jurisdiction requires that appropriate process be effected over the parties." *Id.* The Court ruled that "[w]here these two exist, a court's decision may be set aside for legal error only through direct appeal and not through collateral attack." *Id.* It specifically observed that "[o]ther phrases recently common to Indiana practice, like 'jurisdiction over a particular case,' confuse actual jurisdiction with legal error, and we will be better off ceasing such characterizations." *Id.* The Court explained: "*Real* jurisdictional problems would be, say, a juvenile delinquency adjudication entered in a small claims court, or a judgment rendered without any service of process. Thus, characterizing other sorts of procedural defects as 'jurisdictional' misapprehends the concepts." *Id.* at 542.

[21] Here, Ind. Code § 30-4-6-1 provides that "[j]urisdiction in this state for all matters arising under this article shall be with the court exercising probate jurisdiction." It is undisputed that Schrage's Complaint was heard by a trial court exercising probate jurisdiction. Thus, to the extent that the court's order treated Schrage's failure to docket the Trust as a matter of jurisdiction rather than mere procedural defect, the court erred in that determination.

[22] Turning to whether the Indiana Trust Code required Schrage to first docket the Trust before bringing a challenge to its validity, we find that the relevant statutes plainly provide that she was not. Ind. Code § 30-4-6-7(a), titled "Docketing as part of proceeding," provides that "*[i]f* it is necessary to the determination of any issue of law or fact in a proceeding, the *court may direct* that a copy of the trust instrument, if any, be kept in its records." (Emphases added). Thus, Section 7(a) contemplates that the docketing of a trust instrument only occur where it is necessary to determine an issue of law or fact, and that the decision whether to docket the trust is within the discretion of the trial court.

[23] Ind. Code § 30-4-6-14 governs the limitations on contesting the validity of a trust and provides in relevant part as follows:

> A person must commence a judicial proceeding to contest the validity of a trust that was revocable at the settlor's death within the earlier of the following:
>
>> (1) Ninety (90) days after the person receives from the trustee a copy of a trust certification required by IC 30-4-4-5 and a notice that:
>>
>>> (A) informs the person of the trust's existence;
>>>
>>> (B) states the trustee's name and address;
>>>
>>> (C) states:

> (i) the person's interest in the trust, as
> described in the trust document; or
>
> (ii) that the person has no interest in the trust;
> and
>
> (D) states the time allowed for commencing the
> proceeding.
>
> (2) Three (3) years after the settlor's death.

Ind. Code § 30-4-6-14(a).

[24] Section 14(a) required Schrage to commence her action to contest the validity of the Trust within ninety days of receiving the trust certification. The Appellees do not dispute that her Complaint was filed within this ninety-day timeframe. The court has the discretion to order that the Trust be docketed in this proceeding pursuant to Section 7(a). Any failure on the part of Schrage to docket the trust did not deprive the trial court of subject matter jurisdiction and is not a jurisdictional defect. To the extent that the Appellees argue that this action is similar to a will contest, we note that Indiana "caselaw has emphasized that a will contest action is separate and distinct from the probate of a will, and that it is governed by the Indiana Trial Rules regarding commencement of a civil action; it is not treated merely as a pleading within the probate action." *Blackman*, slip. op. at 9 (citing *Avery v. Avery*, 953 N.E.2d 470, 472 (Ind. 2011)). We conclude that the court erred in dismissing Schrage's Complaint for failure to docket the Trust.

## *Conclusion*

For the foregoing reasons, we reverse the trial court's orders dismissing Schrage's Complaint for failure to state a claim, and we remand for proceedings consistent with this opinion.

Reversed and remanded.

Kirsch, J., and Mathias, J., concur.