**MEMORANDUM DECISION**

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 22 2019, 6:40 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

Timothy C. Krsak
Douglas Koeppen & Hurley
Valparaiso, Indiana

ATTORNEY FOR APPELLEES

Benjamin T. Ballou
Hodges and Davis, P.C.
Merrillville, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Sarah Marie Exo and Amy Elizabeth Gould, | May 22, 2019 |
| *Appellants-Petitioners,* | Court of Appeals Case No. 18A-TR-3106 |
| v. | Appeal from the Porter Superior Court |
| The Margaret A. Exo Revocable Living Trust, Timothy DonLevy, as Trustee and Beneficiary of the Margaret A. Exo Revocable Living Trust, and All Unknown Beneficiaries of the Margaret A. Exo Revocable Living Trust, | The Honorable Mary A. DeBoer, Special Judge |
| *Appellees-Respondents* | Trial Court Cause No. 64D02-1809-TR-8722 |

**Crone, Judge.**

# Case Summary

Margaret A. Exo's Last Will and Testament ("the Will") named the Margaret A. Exo Revocable Living Trust ("the Trust") as sole beneficiary of Margaret's estate ("the Estate"). The Will named Timothy DonLevy as personal representative of the Estate, and the Trust named DonLevy as successor trustee of the Trust upon Margaret's death. Almost a year after Margaret's death, her daughters, Sarah Marie Exo and Amy Elizabeth Gould ("Daughters") filed petitions under two different trial court cause numbers to docket the Trust and to compel a Trust accounting. Daughters filed one petition with the probate court under the cause number associated with the unsupervised Estate ("the Estate Case"), and essentially the same petition under a trust cause number ("the Trust Case"). DonLevy, in his capacity as successor trustee of the Trust, filed a motion to dismiss the petition filed in the Trust Case. Similarly, in his capacity as personal representative, he filed motions to strike and to dismiss the petition filed in the Estate Case. Separate orders granting DonLevy's motions and dismissing Daughters' petitions were issued by the Porter Superior Court. Daughters appeal the dismissal of each petition, and today we issue the current decision reversing the trial court's order in the Trust Case and remanding for further proceedings, and a companion decision affirming the dismissal in the

Estate Case. *See In re the Unsupervised Estate of Margaret A. Exo*, No. 18A-EU-3107 (Ind. Ct. App. May 22, 2019).[1]

## Facts and Procedural History

[2] The facts relevant to our consideration of Daughters' petitions under each cause number differ slightly. Margaret originally executed the Trust on March 31, 2003. Thereafter, she executed amendments to the Trust on December 16, 2010, and September 28, 2013. Although Margaret was named as trustee of the Trust, the September 2013 amendment named DonLevy as successor trustee. The Will, also dated September 28, 2013, named the Trust as sole beneficiary of the Estate and named DonLevy as personal representative. Per the terms of the Trust, upon its termination occurring at Margaret's death, Daughters are each entitled to receive annuity payments over a twenty-year term. Specifically, the Trust provides that Amy "shall receive an annuity providing for annual payments equal to Ten Thousand Dollars ($10,000.00) for a period of twenty (20) consecutive years." Appellants' App. Vol. 2 at 30. Sarah "shall receive an annuity providing for annual payments equal to Thirty Thousand Dollars ($30,000.00) for a period of twenty (20) consecutive years." *Id*. Although Margaret had served as trustee of the Trust since its inception, DonLevy began serving as successor trustee on October 9, 2014, due to Margaret's incapacity.

---

[1] Our motions panel denied Daughters' request to consolidate the appeals and instead directed that the appeals under each trial court cause number be assigned to the same writing panel.

[3]     On October 3, 2017, Margaret died testate while domiciled in Porter County. The Trust became irrevocable upon her death. On November 9, 2017, DonLevy opened the Estate Case by filing a notice with the probate court and a petition to probate the Will and issuance of letters testamentary. On November 20, 2017, the probate court entered its order probating the will, appointing DonLevy as personal representative, and ordering unsupervised administration of the Estate.

[4]     In May 2018, Daughters filed appearances by counsel under the cause number associated with the Estate Case. Daughters also sent written requests to DonLevy seeking information and documentation relating to the Trust, including a full unredacted copy of the Trust, the amendments thereto, and an accounting of Trust property. DonLevy refused to provide Daughters with such information and documentation. Instead, on June 12, 2018, DonLevy provided Daughters with a "Certification of Trust" certifying the existence of the Trust, a "Notice to Beneficiary" informing them of their right to contest the Trust, and a redacted copy of the Trust. *Id*. at 28-43.

[5]     On September 10, 2018, Daughters filed a "Verified Petition to Docket the Margaret A. Exo Revocable Living Trust, and to Compel Trust Accounting"

under cause number 64D02-1809-TR-8722. *Id*. at 4.[2] In their petition, Daughters alleged that, as beneficiaries of the Trust, they are entitled to a full copy of the Trust instrument and an accounting of Trust property.[3] Accordingly, they requested the trial court to order DonLevy, in his capacity as successor trustee of the Trust, to docket the full unredacted Trust instrument and to provide them with an accounting of Trust property. On November 7, 2018, DonLevy, in his capacities as successor trustee of the Trust and Trust beneficiary, filed a motion to dismiss Daughters' petition pursuant to Indiana Trial Rule 12(B)(6), along with a memorandum of law in support of the motion. Daughters filed their response to DonLevy's motion, and DonLevy filed his reply. On November 30, 2018, the trial court entered an order granting DonLevy's 12(B)(6) motion and dismissing Daughters' petition summarily and without a hearing. This appeal ensued.

## Discussion and Decision

[6] Daughters argue that the trial court improperly granted DonLevy's motion to dismiss their petition to docket the Trust and compel a Trust accounting. We agree.

---

[2] Daughters filed an almost identical petition to docket the Trust and to compel trust accounting in the probate court in the Estate Case under cause number 64D01-1711-EU-19753. We address the court's resolution of that petition in the companion decision issued today in *In re the Unsupervised Estate of Margaret A. Exo*, No. 18A-EU-3107 (Ind. Ct. App. May 22, 2019).

[3] Daughters also make numerous allegations questioning "the validity of certain transactions," including the 2013 creation of the Will and the amendment of the Trust, due to their mother's diagnosis of Alzheimer's and Lewy body dementia. Appellants' App. Vol. 2 at 20. Those allegations are not pertinent to our disposition of this appeal.

[7] An Indiana Trial Rule 12(B)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of the plaintiff's claim, not the facts supporting that claim. *Bellwether Prop., LLC v. Duke Energy Ind., Inc.*, 87 N.E.3d 462, 466 (Ind. 2017). We review a Rule 12(B)(6) dismissal de novo, and we accept as true the facts alleged, viewing the pleadings in the light most favorable to the nonmoving party, with "every reasonable inference construed in the nonmovant's favor." *BloomBank v. United Fid. Bank F.S.B.*, 113 N.E.3d 708, 720 (Ind. Ct. App. 2018) (citation omitted), *trans. denied* (2019).

[8] A dismissal of a complaint under Rule 12(B)(6) "is seldom appropriate." *McGee v. Kennedy*, 62 N.E.3d 467, 471 (Ind. Ct. App. 2016). We review such motions "with disfavor because [they] undermine the policy of deciding causes of action on their merits." *Wertz v. Asset Acceptance, LLC*, 5 N.E.3d 1175, 1178 (Ind. Ct. App. 2014) (citation omitted), *trans. denied*. When, as here, a court grants a motion to dismiss without reciting the grounds relied upon, it must be presumed on review that the court granted the motion to dismiss on all the grounds in the motion. *Lawson v. First Union Mortg. Co.*, 786 N.E.2d 279, 281 (Ind. Ct. App. 2003).

[9] In his motion to dismiss, DonLevy argued that Daughters "are not members of a class of beneficiaries who are entitled to the requested relief" pursuant to the Trust Code, and therefore 12(B)(6) dismissal was appropriate. Appellants' App. Vol. 2 at 54. Specifically, he asserted that Daughters are "specific distributees" of Trust property and, as such, are entitled to neither a full copy of the Trust nor a Trust accounting. *Id*. at 51. In support of his argument, DonLevy relied

solely upon the decision in *Schrage v. Seberger Living Trust*, 52 N.E.3d 45 (Ind. Ct. App. 2016), in which another panel of this Court affirmed the trial court's order denying the petitioner's motion to compel the trustee to provide her a complete unredacted copy of the trust instrument. *Id*. at 54.[4] The trust at issue in *Schrage* directed that the petitioner was to receive $25,000 in cash from the trust. The *Schrage* panel determined, based upon the evidence presented, that the petitioner was a "specific distributee," rather than an "income beneficiary" or "remainder beneficiary" of the trust, and therefore the trustee had no duty pursuant to Indiana Code Section 30-4-3-6 to provide her a complete unredacted copy of the trust.[5] *Id*.

[10] *Schrage* is distinguishable from the instant case in many aspects, the most significant difference being that the case was not before the trial court on a 12(B)(6) motion to dismiss. The trial court in *Schrage* held an evidentiary hearing to consider the petitioner's motion to compel, and made its determination of the petitioner's beneficiary status based on evidence, not based

---

[4] We note that a companion opinion involving different matters between the same parties was issued in *Schrage v. Seberger Living Trust*, 52 N.E.3d 54 (Ind. Ct. App. 2016).

[5] In relation to a trust, the term "beneficiary" includes "an income beneficiary, and a remainder beneficiary." Ind. Code § 30-2-14-2. Indiana Code Section 30-4-3-6(b)(8)(B) provides that, upon a trust becoming irrevocable, and upon the written request of an "an income beneficiary or remainderman," the trustee has a duty to "promptly provide a copy of the complete trust instrument." The term "income beneficiary" means "a person to whom net income of a trust is or may be payable." Ind. Code § 30-2-14-5. The term "remainder beneficiary" means a person entitled to receive principal when an income interest ends. Ind. Code § 30-2-14-11. The term "remainderman" means a beneficiary entitled to principal, including income which has been accumulated and added to the principal. Ind. Code § 30-4-1-2(16). Principal is "property that is held in trust for distribution to a remainder beneficiary when the trust terminates or that will remain perpetually vested in the trustee." Ind. Code § 30-2-14-10.

merely upon allegation as we have here. Indeed, prior to making its decision, the trial court in *Schrage* entered an order docketing the trust. *Id*. at 48. We presume the court did so because, in its discretion, it found it necessary to the determination of an issue of law or fact. *See* Ind. Code § 30-4-6-7(a) (titled "Docketing as part of a proceeding" and providing that, "if it is necessary to the determination of any issue of law or fact in a proceeding, the court may direct that a copy of the trust instrument, if any, be kept in its records.").

[11] We further note that in affirming the trial court's denial of the petitioner's motion to compel, the *Schrage* panel observed that the policy reason that certain individuals are not entitled to a complete copy of the trust instrument, such as those entitled to a specific sum of money or other unique property like the petitioner, is that they have no interest "in the administration of the trust for the preservation of assets[,]" as "the management of trust assets would not affect the amount of the distribution." *Schrage*, 52 N.E.3d at 54. This may or may not be the case as far as Daughters are concerned. Other than simply knowing that Daughters are to receive annuity-type payments over a twenty-year term, we have no information about the funding of those annuities or whether it is possible that the management of trust assets could affect that funding. In short, without evidence, we cannot make a determination regarding Daughters' beneficiary status and/or whether they have an interest in the administration of the Trust.

[12] We reach a similar conclusion regarding Daughters' request to compel a Trust accounting. Indiana Code Section 30-4-5-12(c) provides that "[u]pon petition

by the settlor, a beneficiary or the beneficiary's personal representative, a person designated by the settlor to have advisory or supervisory powers over the trust, or any other person having an interest in the administration or the benefits of the trust, … the court may direct the trustee to file a verified written statement of accounts …." *See also* Ind. Code § 30-4-3-6 (outlining trustee's duty to keep certain beneficiaries reasonably informed and giving those beneficiaries, upon written request, access to the trust's accounting and financial records concerning the administration of trust property and the administration of the trust). Again, Daughters' beneficiary status and whether they have sufficient interest in the administration or the benefits of the Trust must be determined by the trial court based upon evidence, not simply upon allegation.

[13] The issue on a 12(B)(6) motion is whether the complaint establishes any set of circumstances under which a plaintiff would be entitled to relief. Daughters allege that the Trust provides that they are to receive annuity payments upon termination of the Trust, and therefore that they are beneficiaries entitled to a full copy of the Trust and an accounting of Trust property. We cannot say on the face of the pleadings and with "certainty" that Daughters are not entitled to any relief. *State v. Am. Family Voices, Inc.*, 898 N.E.2d 293, 296 (Ind. 2008) ("A 12(B)(6) dismissal is improper unless it appears to a certainty on the face of the complaint that the complaining party is not entitled to any relief."). We emphasize that the case is before us on the granting of a 12(B)(6) motion to dismiss and not on a motion for summary judgment. Dismissal of Daughters'

petition for failure to state a claim was inappropriate. Accordingly, we reverse and remand for further proceedings.

[14] Reversed and remanded.

Bradford, J., and Tavitas, J., concur.