


FILED

Mar 15 2024, 8:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Court of Appeals of Indiana

In re: the Administration of the Trust of:
Neal L. Bosworth, Deceased.

Vickie Jones, et al.,

*Appellants-Petitioners*

v.

Tony Bosworth,

*Appellee-Respondent*

---

March 15, 2024

Court of Appeals Case No.
23A-TR-813

Appeal from the Randolph Circuit Court

The Honorable Jay L. Toney, Judge

Trial Court Cause No.
68C01-2112-TR-163

---

**Opinion by Judge May**
Chief Judge Altice and Judge Foley concur.

**May, Judge.**

[1] Vickie Jones and Karen Loser (collectively, "Sisters") appeal the trial court's order docketing the copy of the Neal L. Bosworth Trust Agreement tendered by Tony Bosworth ("Tony"). Sisters raise three issues on appeal, which we consolidate, revise, and restate as: Whether Tony properly challenged Sisters' verified petition to docket trust by filing a second verified petition to docket trust in the cause of action opened by Sisters. We affirm in part, reverse in part, and remand.

## Facts and Procedural History

[2] Jones, Loser, and Tony are the three surviving children of H. Louise Bosworth ("Louise") and Neal L. Bosworth ("Neal"). Louise died on October 19, 2019. Neal passed away on April 4, 2021.

[3] On December 22, 2021, Sisters filed a petition to docket Neal's trust in the Randolph County Circuit Court. They attached to their petition a collection of documents (hereinafter collectively referred to as "Two-Amendment Instrument") that included the original trust agreement that Neal created on February 5, 2003, a first trust amendment that Neal signed on December 20, 2006, and a second trust amendment that Neal signed on December 22, 2011. The trial court granted Sisters' petition on December 28, 2021, and ordered the Two-Amendment Instrument be docketed and administered. The trial court's order stated:

> WHEREFORE IT IS NOW HEREBY ORDERED, ADJUDGED, AND DECREED:

1. This Court assumes jurisdiction and venue over the administration of the Original Trust Instrument, the First Amendment, and the Second Amendment.

2. The Original Trust Instrument, the First Amendment, and the Second Amendment are hereby docketed in this proceeding, pursuant to I.C. 30-4-6-7.

3. Said written instruments shall be removed from the Court's file upon conclusion of this matter.

4. Administration of the Original Trust Instrument, the First Amendment, and the Second Amendment shall be subject to the supervision of this Court, pending resolution of all issues related thereto.

5. Following are the interested persons entitled to Notice of all proceedings herein:

**Vickie L. Jones**
Beneficiary of the Original Trust Instrument, the First Trust Amendment and the Second Trust Amendment

**Karen J. Loser**
Beneficiary of the Original Trust Instrument, the First Trust Amendment and the Second Trust Amendment

**Tony W. Bosworth**
Beneficiary of the Original Trust Instrument, the First Trust Amendment and the Second Trust Amendment

(Appellant's App. Vol. II at 68-69) (formatting in original). On January 6, 2022, Sisters' counsel sent Tony a certificate of trust. The cover letter included

with the certificate of trust stated: "You must commence any judicial proceeding to contest the validity of the Trust within (90) days after your receipt of this Notice and the enclosed Certificate of Trust." (*Id.* at 118.)

[4] On January 20, 2022, in the cause of action commenced by Sisters, Tony filed a verified petition to docket trust. Tony attached to his verified petition a collection of documents (hereinafter collectively referred to as "Four-Amendment Instrument") that included the original trust instrument Neal created on February 5, 2003, the two amendments to the original trust instrument that Sisters had submitted, a third amendment to the original trust instrument that Neal signed on July 15, 2016, and a fourth amendment to the original trust instrument that Neal signed on August 19, 2019. The third and fourth amendments increased the share of farmland Tony was to inherit. Tony asserted in his petition to docket trust:

> 7. On December 22, 2021, Vickie Jones and Karen Loser submitted a Petition to Docket Trust.
>
> 8. On December 28, 2021, the Court entered an Order Docketing Trust, however such Order only referenced and gave the Court powers of supervision and administration over the Trust and two of the four amendments to the Trust.
>
> 9. Accordingly, Tony Bosworth submits that the granting of relief in the form of the docketing of the complete Trust Agreement including all four amendments thereto is appropriate.

(*Id*. at 71.) The trial court set a hearing for March 15, 2022, on Tony's petition, but the hearing was reset and vacated multiple times.

[5] On December 30, 2022, the trial court entered an order directing the parties to submit briefs regarding Tony's verified petition and set a hearing on the petition for March 9, 2023. Sisters argued in their brief in opposition to Tony's verified petition that Tony had waived his right to contest the validity of the copy of Neal's trust that Sisters filed on December 22, 2021, because his purported action contesting the validity of the trust was procedurally improper and untimely. In Tony's brief, he argued that the copy of the trust instrument he filed was "self-proving," and that if Sisters wished to assert Neal lacked the capacity to enter the third and fourth amendments to the instrument, they bore the burden of proving Neal lacked such capacity. (Appellee's App. Vol. II at 112.)

[6] On March 9, 2023, the trial court began the hearing[1] by stating:

> COURT: We are here this morning on two Trust matters. The Matter of the Administration of the Trusts of Neal Bosworth, 2112-TR-163 and Trust of H. Louise Bosworth, 2112-TR-164. . . . These causes are scheduled today for argument essentially and the Court will take testimony also with regard to the issue of whether Mr. Bosworth acted appropriately and in a timely manner in the filings that he made in each of these cases. The Court will then take that matter under advisement pursuant to

---

[1] For this hearing, the trial court consolidated the instant lawsuit between Sisters and Tony regarding Neal's trust and a second lawsuit between Sisters and Tony related to Louise's trust for hearing. *See In re: the Administration of the Trust of H. Louise Bosworth, Deceased. Vickie Jones, et al. v. Tony Bosworth*, 23A-TR-00807.

conversations with both counsel in chambers this morning, how the case would proceed after that point would depend upon my determination of that issue. For example, if the Court determined that Mr. Bosworth was not timely, and his filing was not appropriate then the Court would proceed with the Trust [sic] as they are already filed and if the Court determined Mr. Bosworth did act timely and appropriately in what he filed then we would proceed with evidentiary hearings as to which of the amendments, well there actually may be other filings that will be made. The Court will make that determination first and then the parties can make their decisions as to how to proceed at that point. Counsel does that accurately reflect our conversations this morning.

[Sisters:] Yes, Your Honor.

[Tony:] I believe it does Judge.

(Appellant's Supp. App. Vol. II at 3.) Tony testified at the hearing that he and his wife partnered with Neal and Louise in taking care of the farm, and he and his wife took on more of the responsibilities for the farm as his parents aged. Tony also testified that Sisters were aware of the Four-Amendment Instrument before they filed the Two-Amendment Instrument. Tony explained that he and Sisters "had two meetings and they asked me if I would change things so they could have ground. I said, no we're going with the Trust like dad wanted it." (*Id*. at 9.) Sisters did not testify or present any evidence at the hearing.

[7]     On March 17, 2023, the trial court issued an order granting Tony's petition. The order provided, in relevant part:

A. Tony Bosworth's Petition should be, and hereby is, granted.

B.  The Neal L. Bosworth Trust Agreement dated as of February 5, 2003 together with each of the four amendments thereto . . . is hereby docketed in this proceeding pursuant to Ind. Code § 30-4-6-7.

\* \* \* \* \*

D.  The Neal L. Bosworth Trust Agreement dated as of February 5, 2003 together with each of the [four] amendments thereto . . . shall be administered under the supervision of this Court.

E.  This Order shall supersede and take precedence over this Court's *Order Docketing Trust* entered on December 28, 2021.

(Appellant's App. Vol. II at 8-9.)  On April 11, 2023, Sisters filed a motion for the trial court to certify for interlocutory appeal its order docketing the Four-Amendment Instrument.  The trial court certified the order for interlocutory appeal on April 17, 2023.  We accepted interlocutory jurisdiction on June 26, 2023.

## Discussion and Decision

[8]  Sisters assert Tony failed to comply with the statutory procedure for contesting a trust, and therefore, the trial court lacked the requisite authority to docket the Four-Amendment Instrument.  Sisters ask us to vacate the trial court's order docketing the Four-Amendment Instrument and reinstate the trial court's December 28, 2021, order docketing the Two-Amendment Instrument.  We review the trial court's order de novo because it turns on a question of statutory interpretation.  *Kelley v. State*, 166 N.E.3d 936, 937 (Ind. Ct. App. 2021).  "[O]ur

goal in statutory interpretation is to determine, give effect to, and implement the intent of the legislature as expressed in the plain language of its statutes." *Metro. Dev. Corp. v. Powell*, 162 N.E.3d 1100, 1103 (Ind. Ct. App. 2020). "The rules of statutory interpretation mandate that we assign words their plain and ordinary meaning unless the statute provides definitions otherwise." *Montgomery v. State*, 878 N.E.2d 262, 266 (Ind. Ct. App. 2007). We pay attention both to what the statute says and to what it does not say. *ESPN Inc. v. Univ. of Notre Dame Police Dep't*, 62 N.E.3d 1192, 1195 (Ind. 2016). "[W]e may not add new words to a statute which are not the expressed intent of the legislature." *Ramey v. Ping*, 190 N.E.3d 392, 403 (Ind. Ct. App. 2022), *trans. denied*.

[9] Indiana Code section 30-4-6-14 provides a time limit within which an individual must contest the validity of a trust. The statute states, in relevant part:

> A person must commence a judicial proceeding to contest the validity of a trust that is irrevocable or revocable at the settlor's death, or revocable at the time the notice under this section is given, within the earlier of the following:
>
> (1) Ninety (90) days after the person receives from the trustee, the settlor, or the agent of the trustee or settlor, a copy of a trust certification . . . and a notice that:
>
> > (A) informs the person of the trust's existence;
> >
> > (B) states the trustee's name and address;

> > (C) states:
>
> > > (i) the person's interest in the trust, as described in the trust document; or
> >
> > > (ii) that the person has no interest in the trust; and
> >
> > (D) states the time allowed for commencing the proceeding.
>
> > (2) Three (3) years after the settlor's death.

Ind. Code § 30-4-6-14(a). Sisters' counsel sent a copy of the trust certification to Tony on January 6, 2022, and Tony filed the second petition to docket trust on January 20, 2022. Thus, Tony filed within the 90 days provided by Indiana Code section 30-4-6-14(a)(1).

[10] Nevertheless, Sisters contend Tony's filing of a second petition does not satisfy the requirement in Indiana Code section 30-4-6-14(a) that the challenging party "*commence a judicial proceeding*." (emphasis added). They argue "three documents are required to commence a suit: a complaint, a summons, and a filing fee." (Appellants' Br. at 8.) Sisters analogize the instant case to *Blackman v. Gholson*, 46 N.E.3d 975 (Ind. Ct. App. 2015), *reh'g denied*. In *Blackman*, two of the decedent's three children filed a petition to open the decedent's estate and probate her will. *Id*. at 977. The third child then filed a "Verified Contest of Will" in the same court and under the same cause number as the original probate action. *Id*. The trial court dismissed the will contest action, and we affirmed the trial court. *Id*. We reasoned that while the statute outlining the procedure for initiating a will contest was vague, "caselaw has emphasized that

a will contest action is separate and distinct from the probate of a will, and that it is governed by the Indiana Trial Rules regarding commencement of a civil action; it is not treated merely as a pleading within the probate action." *Id*. at 980.

[11] However, the statutes governing will contests specifically require a person wishing to contest the validity of a will to file "*a separate cause of action*" in the court with jurisdiction over probate of the will. Ind. Code § 29-1-7-16.5 & Ind. Code § 29-1-7-17 (emphasis added). There is not a "separate cause of action" requirement in the statute governing trust contests. While Indiana Code section 30-4-6-14(a) states the challenging party must "commence a judicial proceeding[,]" Indiana Code section 30-4-6-5 indicates a proceeding under the trust code "may be initiated on either a petition or complaint" and upon adequate notice. Here, Tony filed a petition, and there is no assertion that Sisters did not receive adequate notice of his filing.

[12] Filing the alternate version of the same trust in the same cause of action also serves the interest of judicial economy because the trial court charged with supervising the administration of a trust is the same court deciding contests related to the trust's validity. *See Kobold v. Kobold*, 121 N.E.3d 564, 575 (Ind. Ct. App. 2019) (allowing ejectment case to proceed within dissolution action served the interest of judicial economy), *trans. denied*. In *Schrage v. Audrey R. Seberger Living Trust*, we held that, while the trial court had the discretion to order that a copy of a trust be docketed in a case brought by an individual challenging the trust's validity, the claimant challenging the trust's validity was

not required to petition for the trust be docketed before initiating her action. 52 N.E.3d 54, 65 (Ind. Ct. App. 2016). Thus, it follows that if a trial court may order that a trust be docketed in a trust contest action, a person should be allowed to contest the validity of the trust in the trust docketing proceeding. We therefore hold Tony was not required to initiate a separate proceeding to contest the validity of the Two-Amendment Instrument.[2]

[13] However, to the extent the trial court's March 17, 2023, order proports to recognize the Four-Amendment Instrument over the Two-Amendment Instrument, the order goes beyond the scope of the issues to be addressed at the March 9, 2023, hearing. At the hearing, the trial court indicated that it would hear argument and take evidence "with regard to the issue of whether [Tony] acted appropriately and in a timely manner in the filings that he made[.]" (Appellant's Supp. App. Vol. II at 3.) The trial court further indicated that if it "determined [Tony] did act timely and appropriately in what he filed then we would proceed with evidentiary hearing as to which of the amendments, well there actually may be other filings that will be made." (*Id.*) As Sisters point out in their reply brief, "[b]efore the trial court could decide if the Third and Fourth

---

[2] While we reach our holding regarding Tony's January 2022 petition based on the statutes and caselaw that existed at that time, we note the General Assembly shortly thereafter modified the Trust Code to explicitly provide that competing versions of a trust instrument could be filed in the same proceeding. *See* Ind. Code § 30-4-6-7(a) (effective July 1, 2022) ("If there is a dispute about whether the trust has been amended or restated or about which version of a trust instrument is a valid version, two (2) or more parties may file copies of different trust instruments or amendments so that the court is aware of their contents.") & Ind. Code § 30-4-6-7(c) (effective July 1, 2022) ("The filing of a copy of a trust instrument under this section does not preclude any interested person from asserting claims or defenses regarding the validity, interpretation, or administration of the trust or from cross-petitioning for relief under this title.").

Amendments were valid, it needed to decide whether Tony satisfied the procedural requirements to raise the issue at all." (Appellants' Reply Brief at 18.) Sisters assert the trial court's March 17, 2023, order "improperly conflates the processes for docketing and contesting a trust." (Appellant's Br. at 9.) We agree.

[14] Sisters assert that they believe the Four-Amendment Instrument "to be invalid due to a lack of capacity and/or the product of undue influence by Tony[.]" (Appellant's Br. at 16.) The party asserting a claim of undue influence or lack of testamentary capacity bears the burden of proving its claim. *Moriarty v. Moriarty*, 150 N.E.3d 616, 629 (Ind. Ct. App. 2020), *trans. denied*. However, here, Sisters have not had the opportunity to present evidence to support their theory that the Four-Amendment Instrument is the product of undue influence or a lack of testamentary capacity because the March 9, 2023, hearing was limited to whether Tony's challenge to the validity of the Two-Amendment Instrument was procedurally proper and timely. Therefore, we vacate the portion of the trial court's order that purports to credit the Four-Amendment Instrument over the Two-Amendment Instrument and remand with instructions for the trial court to decide which version of the trust instrument is valid. *See, e.g.*, *In re Rhoades*, 993 N.E.2d 291, 302 (Ind. Ct. App. 2013) (holding genuine issue of material fact existed regarding whether son unduly influenced mother into amending her trust to specifically exclude second son and remanding for further proceedings).

## Conclusion

Tony was not required to initiate a separate cause of action to contest the validity of the Two-Amendment Instrument. His petition to docket the Four-Amendment Instrument in the same cause of action where Sisters filed their petition to docket the Two-Amendment Instrument sufficiently put Sisters on notice regarding his challenge. However, because there are competing claims regarding the validity of the Four-Amendment Instrument, we remand the matter back to the trial court to resolve the claims. We affirm the trial court in part, reverse in part, and remand.

Affirmed in part, reversed in part, and remanded.


Altice, C.J., and Foley, J., concur.

ATTORNEYS FOR APPELLANTS

Frank D. Otte
Jennifer F. Perry
Olivia A. Hess
Clark, Quinn, Moses, Scott & Grahn, LLP
Indianapolis, Indiana


ATTORNEYS FOR APPELLEE

Lisa M. Dillman
Applegate & Dillman Elder Law
Indianapolis, Indiana

Ben T. Caughey
Mercho Caughey
Indianapolis, Indiana